I have a motion to make, so I will turn over the presiding gavel to Judge Dyke. Thank you, Judge Linden. Why don't you make your motion? Thank you. I would like to move the admission of David Krinsky, who has served with distinction as my law clerk for the past 18 months and has done a truly outstanding job. I have every fine addition to the Court, and he is certainly fully qualified. I am indebted to him for his service. I appreciate his contribution, and I look forward to his participation. And with that, I will make the formal motion. I move the admission of David Milton Krinsky, who is a member of the Bar and Good Standing of the Highest Court of Maryland. I have knowledge of his credentials and am satisfied that he possesses the necessary qualifications. Does Judge Prost agree that we should grant the motion? Enthusiastically. The motion is granted enthusiastically. We welcome Mr. Krinsky to the Bar of this Court. Thank you. David, welcome, and I look forward to your appearing shortly at the lectern and making the same kind of outstanding arguments we are about to hear. With that, I will call the first case. It is Appeal No. 2007-1063, International Rectifier v. Ixis Corporation. Mr. Cook? Good morning, Your Honor. It is a pleasure to be here and a pleasure to be out of the courtroom. I have essentially four issues to address, the first of which is the jurisdictional issue. I don't intend to spend a lot of time on that because it's fully brief. I will say that, just very briefly, though, that Local Rule 3 of the Federal Rules of Appellate Procedure requires that a notice of appeal contain an identification of the parties who are intending to appeal, identification of the judgment that's appealed from, identification of the court to which the appeal is being taken, and it requires that the appeal be filed, notice of appeal be filed within 30 days from entry of judgment. Ixis' motion to stay the judgment pending appeal was, in fact, did all four of those things, and the Supreme Court case in Smith v. Sperry in 1992 says that Rule 3 should be interpreted liberally. This Court has previously indicated that this likely would have been considered acceptable by the Ninth Circuit. I think you should affirm that decision in this point. When you get to the merits, if I understand it, there are two separate sets of issues here, one with respect to Claim 19 and the other set of issues with respect to Claims 1 and 7, and that Claim 19 does not include the annular or polygonal language, right? Claim 19 is the adjoining claim. Right. The other claims are the annular. Yeah. That's right. There's two separate sets of issues. So the judgment rests on all three of those claims, right? It does. The judgment, there's different damages, equations that come out of those two things. Damages were awarded separately for infringement of Claims 1 and 7 and 19? Yes. So the first issue that I want to address is the annular issue. The International Rectifier has raised this Local Rule 56-3 issue previously. It raised it in the prior appeal. As you know, this case has been up on appeal once before when the claim interpretations were reversed and all the motions for summary judgment vacated. At that point, IR raised, in their briefing, they raised the point that ISIS could not have the judgment of infringement as to the 699 patent vacated on the basis of the annular claim. Is that what you sought in the appeal, the previous appeal? Did you seek to have the judgment vacated with respect to Claims 1 and 7? Yes, we did. On the ground that the annual limitation wasn't satisfying? Exactly. And their response was that there was an independent ground for this. Did they argue in their brief that you hadn't raised that? Yes. It's in Appendix 1535 and 36. That section of their prior brief set forth in our record. They specifically made the Rule 56-3 argument there. What was your response to that? We responded that it wasn't necessary to directly address that because reversing the annular interpretation would nullify that. Well, that doesn't sound to me like an argument that we didn't need to address it. It sounds to me like an argument that you should win on that point. I think that's right. I understand the question. In other words, you were saying that despite this local rule, that you were still entitled to raise the annular argument and that you should prevail on the annular argument. Yes, absolutely. Because the local rule was effectively an admission that we infringed under the prior interpretation. Let me see if I understand. This issue was raised really in the red brief by IR, not in your blue brief appeal. Correct. And then your response in the gray brief was responding to whether or not this ought to be an alternative ground upon which to affirm. That's correct. And the argument you raised in the gray brief was with respect to all three patents and the annular limitation that applied in all three. That's right. And we also addressed this argument based on the fact that there was a prior admission. With the admission removed. So what you're arguing is that implicitly we rejected their argument under the local rule in deciding the first case. And more than just implicitly, I would say expressly, because IR had requested that the judgment as to 699 should not be reversed as to the annular element because of this issue. And in the opinion, the court specifically said that the... This is at page... Well, it's at the final, the infringement section of the brief. I can't find it. Sorry. It's right a couple pages before the end. It said that because factual issues exist as to whether ISIS devices include the polygonal and annular limitations, we vacate the district court's partial summary judgment in favor of IR that ISIS's device infringed claims 1 to 7, et cetera, of the 699 patent. It said polygonal and annular, not just polygonal. Couldn't have made that determination if it had accepted the argument that IR had made previously. And the same argument that they're making here. But, I mean, it does seem to have been a mistake here in agreeing, in not raising the annular issue under the local rule, right? A mistake in the sense... Well, I mean, you didn't raise the annular issue as you were required to under the local rule, right? The annular issue was subsumed in addressing the annular claim interpretation. That's not Judge Dyke's question. His question goes to whether you made a mistake in not contesting that issue under the former claim construction. Yes, yes, excuse me. That's right. Now, what's the... Is there any excuse for having failed to do that? Well, it was in the same... It was all in the same context. It was exactly the same device that was being accused of infringing annular under 725, 767, and 699. But that sounds like an admission that there was a mistake in saying that it was inadvertent and that it should be excused because nobody was misled by it. But was... Is there any reason to believe that there was some reason to concede the annular limitation? There's some suggestion. No, absolutely not. No, it was just a mistake. Just a total mistake, that's right. Was it a mistake, or was it simply a reflection of the fact that there was a different claim construction in place at that time? Well, there was a different claim construction in place at the time. That's what essentially led to the mistake. I don't understand that, because there is... I see that reference in the brief that in some earlier case that Judge Reel had arrived at it, but that's not elaborated. There's no citation. I can't figure out what's going on. Where was the annular limitation construed in some earlier case? That was in a case, IR against Samsung, and it immediately preceded this case. And to our ability to get... to review the record, a lot of it was confidential, but the judgment included, that was public, included an interpretation of claim of annular that was the same interpretation that IR was proposing in this. And that claim interpretation didn't require concentric polygons. So that led to the error, but it was replicated after it was initially made in view of that interpretation, and it was led... that led to its being repeated. But there were other annular claims, claims that included annular, where the issue was raised, right? So it doesn't sound as though you were really relying on this earlier claim limitation in answering the interrogatories and complying with local law. It came in two different segments. The 699 was addressed really early, because that was up on a contempt case, and it was addressed early. When we got around to the 725s, that was elaborated and fully addressed, but the earlier 699 thing just got repeated. You're into your rebuttal. Do you want to address the adjoining and polygonal issues briefly before you conclude, or if you need a few extra minutes, we'll give you a few extra minutes. Okay, I will briefly address both those issues. As far as the adjoining issue, I just want to point out that the... in that particular... this court previously really decided this, because Judge Real had denied Isis's motion for summary judgment of non-infringement, and in the prior opinion in this case by this court, the court said it first referred to that decision, the denial of summary judgment of non-infringement, and then it reversed the adjoining limitation, the interpretation of that, and then said that nobody could possibly find infringement of that adjoining limitation under the new construction of directing the court to enter judgment of non-infringement. Yeah, but under Lubrizol we would construe that as reaching only literal rights, since equivalence infringement wasn't involved. Well, in Lubrizol there was a footnote that said we only are addressing literal infringement. Yeah, but the opinion said even apart from the footnote that it reached the same result. But in this case there was actually a motion for summary judgment of non-infringement. IR would have been obliged to raise this issue of doctrine of equivalence in response to that if it was going to rely on equivalence at that point. The court was fully within its right to do what it did, and it clearly said that it directed entry of judgment as to non-infringement because there can't possibly be any infringement. Was there any discussion of DOE in either the briefs or the oral argument in the earlier case? No. But when they responded to the summary judgment motion, the claim construction of adjoining had already been arrived at, right? Yes. I'm not sure I understand the question. Well, you say that you moved for summary judgment of non-infringement, right? And that they opposed that arguing only that there was literal infringement and not doctrine of equivalence infringement. So you're saying that at that point they should have raised the doctrine of equivalence issue if they were going to raise it. And the waiver resulted at the district court level when they didn't raise the doctrine of equivalence in that context, right? They were in the process of arguing the claim interpretation at that point. It was not resolved. As to polygonal, very briefly I wanted to direct your attention to 1926 appendix 864 but this chart that appears here shows the amount of unreliability of the SCM procedure for detecting the levels of impurity dopants at the it starts down at the bottom at very high levels of concentration. It shows that it matches the simulation on the supreme simulation of dopant concentrations. As it gets up to 10, gets down to 10 to the 16th you can see that it departs substantially from the supreme. At the 15th it becomes truly garbage. At the 14th which is the concentration at issue at the junction it doesn't, it's not even on the chart. Williams didn't bother to mention it. Thank you very much Mr. Cook. We'll restore your five minutes of rebuttal and to even the playing field we'll give the other side 20 minutes. Mr. Florsheim. Good morning. To briefly address the to take a look at the SM versus JK case, the 9th circuit case. You may have gotten the impression from the briefing that in that case it was the 9th circuit that said we're going to treat represented parties just like pro se parties but in fact all they were doing was quoting what the 10th circuit had done. In fact they came to the opposite result in that case. As I read the 9th circuit cases they treat unrepresented parties, pro se parties or parties who are appealing issues having to deal with life or liberty more liberally but when it comes to represented parties who are just arguing about money, they're really tough and I don't think they've changed the rule since the CELIPAC and the Hollywood cases. So I just urge you to take a look at that SM versus JK case on the jurisdictional issue. Isn't this case really governed more by Smith than it is by Bowles? Yes. Smith is more direct at that point. Absolutely. Bowles simply points out the importance of the jurisdictional impact of the statement but Smith is the Supreme Court's statement on it. But the district, the courts of appeals have taken a more or less hard line view of what that means and I think the 9th circuit has taken a pretty tough view on this and that, everyone agrees, is the law that's to be applied here. So I think they would still reach the same decision today as they did in Hollywood and in CELIPAC that says the motion for a state pending appeal which doesn't say an appeal's been taken, it just says we may take an appeal and we want to state the injunction pending that appeal doesn't count. On the adjoining limitation, is it true that they made a motion for judgment of non-infringement in that you opposed that raising only the literal infringement argument? Well, their motion simply addressed the claim construction of adjoining. No, but the motion was for a judgment of non-infringement, right? The motion was for judgment of non-infringement. So that would encompass both literal and doctrine of equivalence. They didn't address doctrine of equivalence in their motion papers. Do we have the motion in the appendix here? I will have my colleague check. I believe we have the decision, I'm not sure if we have the motion in the appendix. But there's no mention of doctrine of equivalence in the motion. There's no mention of doctrine of equivalence in the judge's decision. There was an argument about reverse doctrine of equivalence. They said even if you found literal infringement it's so changed in substance that the reverse doctrine of equivalence would bar a finding of literal infringement. But there's no discussion of the doctrine of equivalence below or in their papers on the prior appeal. But where does that get us? I mean, it wasn't confined explicitly, was it, to the judgment of non-infringement that implicitly includes, does it not, doctrine of equivalence? I mean, if there's non-infringement then it includes both literal and DOE, right? The district court's decision that was being reviewed was a finding of no literal infringement. In fact, if you look at ISIS's blue brief on the prior appeal, the conclusion of this whole discussion says quote, the district court's order concluding that ISIS's IGBTs literally infringe 699.19 despite the presence of the intervening buffer layer must be reversed. That's what they were asking for. That was the issue. But ISIS made a motion for non-infringement and non-infringement means non-infringement, both literally and DOE infringement. But they made no showing of non-infringement of the doctrine of equivalence. They didn't offer any argument as to why there wouldn't be infringement of the doctrine of equivalence. Why do they have, they don't have to, do they? The burden of proof to establish infringement was on you and they made a motion and if you wanted to contest that by showing the doctrine of equivalence theory, wasn't it up to you to do that? But we won. No, no, but you had won at the point that you were briefing it. You briefed it and you argued for literal infringement. You didn't argue for doctrine of equivalence because if we had lost below they would have an argument there. Yeah. But this court noted in the Exxon case Why are you better off because you won? I mean, if you had lost on that you wouldn't be able to argue later on that there should be consideration of the doctrine of equivalence. Well, the same argument could have been made with regard to the Exxon case. In Exxon, plaintiff won on literal infringement. The issue of doctrine of equivalence wasn't addressed. It came up. It was reversed. It was sent back down. Yeah, but it's different because in Exxon there was a claim construction before the trial and what happened was that the trial relying on that claim construction Exxon proceeded to argue for literal infringement and did not argue for doctrine of equivalence. So when this court said the claim construction was wrong then it wouldn't have been fair to foreclose Exxon said the court from raising doctrine of equivalence. We don't have that situation here. Because it wasn't necessary for you get to the point where the judge finally decides the motion and says there's literal infringement. It wasn't just a motion for non-infringement. There was a motion of infringement and so the judge decides adjoining is broad enough to cover what we have here. Why would the plaintiff have to then prove up a case of doctrine of equivalence? But there wasn't any claim construction at the time the motion was filed, right? But when it was decided? Yeah. But the question is not what happened when it was decided. The question is whether you waived by not responding to the motion and raising the doctrine of equivalence issue. And at that time there had been no claim construction. So far as you knew, doctrine of equivalence was in play and if you wanted to raise the issue in connection with the motion it seemed as though you should have done that. Your Honor, I have to beg off on one part of that. Mr. Cook has represented there was no claim construction at that point. I did not handle the case below so I'm not sure what the procedure was back in 2001. I do know there were a series of motions filed that were resolved in early 2002 going both ways on this and the court found literal infringement. It seems to me at that point you don't want to adopt a rule that says you have to burden the district courts and the parties and this court on appeal with considering the doctrine of equivalence if you've already got a finding of literal infringement. But that ignores the fact that ICSIS filed a motion for summary judgment of non-infringement which placed a cellotex burden on IR to come forth and make an argument with respect to why there would be infringement and that encompasses both literal and DOE and if you didn't make the argument with respect to the doctrine of equivalence then you've waived it. I don't agree with that your honor. If a defendant moves for summary judgment and simply argues no literal infringement, have they put an issue to the doctrine of equivalence? I don't think so. They haven't put in any evidence to rebut the doctrine of equivalence. All they're asking for is a finding that under this plain construction there's no literal infringement. Well I might agree with you if their motion was a motion for summary judgment of partial summary judgment of non-literal infringement but their motion wasn't so confined as I understand it. We have courts who provide plain constructions during trial and there are some courts who are not providing plain constructions prior to trial. We frown on the practice but it's true. Would we say that the plaintiff would be barred in those circumstances if he tried the case and went on literal infringement from asserting doctrine of equivalence? Later on if there's a remand? I don't think so. I don't see why. You'd be creating a situation where every plaintiff would have to do the belt and suspenders thing. Burden the parties, burden the courts, and burden this court. But that's the point of summary judgment of opposing summary judgment motions is so people know what the issues are. If they make a motion you have to raise any grounds for opposition that you have to that. And if they make a motion which is broadly a motion of judgment of non-infringement and you believe that there's a doctrine of equivalence issue, you have to raise it in connection with that. Don't you? Yeah, I just urge you to look at the papers they filed. It simply addressed plain construction and then said based on the plain construction, because these layers don't touch, there can't be infringement. And the response joined issue with that and they won. I think if you look at what the court considered on the prior appeal, there was no discussion of doctrine of equivalence on that and I think Ex on the move was all controlled. What about on the annual? Didn't they raise in the appeal an argument that the judgment of infringement with respect to the 699 claims 1 and 7 should be set aside on the ground that the annual limitation wasn't satisfying? They basically tried to ignore the fact that there was infringement of the annual limitation with regard to claims of the 699 patent was not based on plain construction but rather was based on the fact that they failed to establish that that was a controverted fact in their prior briefs and their opening brief didn't mention it at all. We pointed it out in our responsive brief and they just tried to sweep it under the rug and when you look at this court's decision, what the court actually did, it never addresses that. It does say that we're reversing with respect to claims 1 and 7 of 699 but remember those claims required both annular and polygonal. But in our opinion, as the other side read, we referred to annular as well. Oh yes, because annular was an issue with regard to the 725 and 767. No, but with respect to the 699 did we not refer to annular as well? You didn't specifically address what patents were involved. No, but in at least the conclusion of our opinion we referred to both annular and Well, this is what I was going to point out. In the conclusion of the opinion you recite because these terms are present in all these claims therefore the judgment has to be reversed but remember that the claims we're talking about here require both polygonal and annular. So even if you had annular at all, you would have had to reverse under your construction polygonal with regard to claims 1 and 7. So you were just sweeping all those terms with regard to all of those claims. The actual reason why the district court had entered a finding with regard to the annular limitation on claims 1 and 7 had nothing to do with the claim construction. It had everything to do with the fact that Iksis failed on five separate occasions to raise the issue. But you raised that in your brief, in the earlier appeal. You raised that as an alternative means to find 4U, and we never granted that conditional appeal or conditional cross appeal in any way shape or form, right? It would not have changed the result as it turns out because these claims required both annular and polygonal, and so if you had agreed with us on polygonal, but not on annular it would have changed the result as to these claims of the 699, but you disagreed with us on both, and therefore there was no literal infringement as you said, of these claims because these claims required both. But the point was raised with respect to annular and with respect to the 699 patent. Raised by us. Correct. In the responsive brief. Correct. And the opinion simply didn't address that alternate ground for that particular limitation. It was completely silent about it. It simply addressed claim construction, which was not the reason that these claims were found to infringe this implementation. But it must have implicitly addressed the question because the judgment that we entered said that the judgment infringement with respect to the 699 is reversed because of a mistake on the annular construction. Well, I don't think it says that. It says it is reversed. It disagrees with the claim construction on both. But as I say... Look at page 1375. Because factual issues exist as to whether the device has included the polygonal and annular limitations of the claims as properly construed, we vacate in part, district courts grant a partial summary judgment. And then it lists these claims under the 699 patent. Right. But that doesn't necessarily mean that both of these claim limitations apply to every one of these claims. It would have been sufficient. The polygonal alone would have been sufficient to justify it as to the first five or six claims. The court simply didn't address this. The real basis on which the district court found there was no controversy established. The district court was enforcing its rules and the federal rules, which required that ICES raise this issue. When you have rules that say you have to answer interrogatories, when you get served a set of interrogatories which ask you to state all the bases for your non-infringement defenses, you don't raise this. When you have local rules that say you have to do that and you do it twice on two occasions you don't raise it. And then you have a rule relating to summary judgment which says that if you want to oppose summary judgment, you have to identify all your bases for saying there are contested issues of law or fact and you don't raise it on five separate occasions. Two summary judgment motions, two local rule filings, and one set of interrogatory answers. The district judge was in his rights to enforce those rules and this court did not address that decision on the prior appeal. And by the way, I should correct one thing. The reason for this position that was taken by ICES cannot be because there was a prior claim construction because in the very same document that was filed in April 2001 in which they did not raise this as a non-infringement contention with regard to the 699 claims 1 and 7, they did raise it as a non-infringement contention with regard to the 725 and 767 patents. If you look in the appendix, they didn't raise it on page 260 of the appendix in this document. And then on page 262, two pages later, they did raise this as a non-infringement contention with regard to the other two patents. And again, they did this repeatedly five times. The district court has to be free to enforce its local rules and federal rules. And this court has said as much in Ray Roberts' case in TransClean. It would be a rare case in which this court would take action that would impinge on the district court's discretion to enforce the local rules. And that was a case in which the defendant failed to raise in response to a summary judgment motion an argument about a particular claim limitation. And the court said that's what has to be done. The court did the same thing in Jamesburg. Yeah, but this is different in the sense that the annual limitation was at issue. I mean, how are you prejudiced by their failure to raise it in connection with the 699 when clearly it was an issue with respect to other patents? Well, I think you need to answer that. One, it is always the case that somebody who fails to raise something in response to a summary judgment motion wouldn't be complaining about it on appeal if there wasn't some basis for saying, well, it really wasn't true. This court has said in cases like Jamesburg you can't do that. The fact that the opponent of the motion might have been successful if he had raised the issue is irrelevant. But that's not the point. The point is that this same identical issue was being litigated with respect to these other patents. So, nobody is suggesting even now that there should be a different interpretation of the annual limitation in the 699. You're not suggesting that, are you? No, I'm not. So, you knew that the annual limitation was an issue and it was briefed and argued and presented to the district court and then to us on appeal. So, you know, what's the problem? It's not like these other cases where the issue wasn't raised at all. This is a situation in which the issue was raised, but through a glitch it wasn't raised with respect to all the relevant patents. I, with all due respect, call it more than a glitch. It's five separate occasions that they didn't raise it and the district court exercised its discretion to enforce its rules and this court has a policy of not interfering with those sorts of exercises of discretion enforcing all the rules. It's one thing for this court to come down hard on district courts if they make a mistake of substantive patent law, but I don't think, and I think in the TransPen case the court has said, you don't want to get into the business of telling district courts how to enforce the local rules. But it seems to me that that's a harsh outcome and what seems to be a hyper-technical application and I don't mean to suggest that the local rules should be ignored or disregarded. Quite the contrary, but under the circumstances as Judge Dyke pointed out, this term, annular, was clearly in play, clearly contested, and clearly affected all of the patents and it's the same accused structures involved. It just doesn't make any sense to contend that well, because they made a mistake in not opposing that issue with respect to that patent yet everybody argued that throughout the case the same limitation that they lose on that one issue even though the jury found otherwise with respect to the other patents. I would submit, Your Honor, that it was not always an issue and it wasn't argued throughout the case. You've got a two-year period from the start of the case through at least the middle of 2002 where ISIS has five separate occasions where they don't raise this issue and there was a summary judgment motion filed and they didn't say, oh, we don't infringe these claims because we don't have the annular limitation. They identified a bunch of issues, contested issues of fact that they thought should bar summary judgment and neither of the responses to the two motions was this raised so it wasn't always an issue. This was an issue they raised only on remand after the first appeal and the judge decided that was too late you can't violate the rules five times have the judge enter an order and then not really argue it. They didn't argue it on the prior appeal and then expect to be able to raise it four years later. I don't think that that was an abuse of discretion. It was following the law of the case. He was enforcing the rules, not just the local rules, but the federal rules with regard to summary judgment motions and with regard to answering derogatories and it wasn't an abuse of discretion. This is not one of those rare cases. With regard to the polygonal issue, I would just point the court to I believe it's page 970 of the appendix excuse me, 791 of the appendix which has the SCM image of the polygonal bases which the expert testified faithfully represented faithfully represented the shape of the diffused base regions and I think there was ample evidence on which the judge could properly admit that because the experts have testified and there was plenty of evidence of infringement of the doctrine of equivalence I would point the court in particular to Dr. Schott's expert report which was admitted evidence it's in the record at page 1422-23 I think that's ample evidence to support the finding as to that and with regard to the Texas Instruments argument that was raised for the first time on appeal, it's too late to raise that Texas Instruments argument about the linking testimony and particularized testimony was not presented to the court for addressing those sorts of things and the district court did get a chance to address it Alright, thank you very much Thank you Mr. Cook Judge Lynn mentioned and asked counsel whether or not in fact it was true that the annular argument was in front of the court right from the very beginning and counsel said no it wasn't it didn't come up until the end but I don't think that was the question and certainly not the right answer to the question because the 725 annular interpretation was raised right at the beginning when it was again and again every time that came up annular was in front of defendants as well as the court throughout the entire case Was it briefed before the district court in relation to the 699? At the end yes there was a motion for summary judgment of uncontested claim and at that point it was raised and this issue was specifically put in front of the judge that the annular should not have been applied to the 699 for the same reasons And what did the district court do with that motion? It signed the proposed order denying the motion as it did on 25 other occasions Was that the only occasion it was raised in connection with the 699? I know that it was raised then specifically I don't remember if there were other occasions What did that motion say about the failure to raise the issue as required by the local rule? The motion addressed the local rule and asked for in essence a default on the issue because of the local rule Whose motion? I'm sorry That was IR's motion for summary judgment for uncontested claim elements on the 699 patent And you opposed that on the ground? Specifically on the annular issue, yes. Now what did you say about the failure to raise the issue earlier? I think essentially the same thing we've said here I don't remember And that's not in the joint appendix? I believe it is I can't cite it though I'm not sure it is When you have these issues about what was raised in a summary judgment motion or what was briefed below it's sort of helpful for us to have it in the joint appendix instead of having to ask the district court to send us the relevant documents This is addressed to both sides Aside from that I don't think we have much else to talk about Well, there were a couple of issues The SCM image This was the image It clearly doesn't show any corners I don't think that you can find anything other than very large rounded corners on the SCM image Plus it doesn't accurately it doesn't show the boundary The boundary was much further out than this showed This is a different exhibit than the one you referred to in your opening argument This was 7154 Yes it is I referred to the opening argument I referred to the SCM paper by Dr. Williams that showed how unreliable it was at 10-14 This is the SCM If you have nothing else with respect to what you raised in your opening argument then there's no need for us to address this I would agree with that We have no further questions so I think that's fine, that will conclude the argument Thank you, Counselor Case is submitted